UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JERRY ALLEN BLACKWELL,

       Petitioner,

                                                        CASE No. 1:18-CV-251

v.

                                                        HON. ROBERT J. JONKER

LES PARISH,

       Respondent.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation (ECF No. 12) and Petitioner's Objection to the Report and Recommendation (ECF No. 13) and his motion to amend (ECF No. 15). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Petitioner's objections. After its review, the Court finds the Magistrate Judge correctly concluded that Petitioner is not entitled to habeas corpus relief.

The Magistrate Judge recommends denial of Petitioner's habeas petition. In his objections, Petitioner primarily reiterates and expands upon arguments presented in his original brief. Indeed, he begins his Objections by stating that he "object[s] to the Magistrate's Report and Recommendation for the reasons set forth" in his earlier filed brief. (ECF No. 13, PageID.1598). Nonspecific and general objections, which incorporate by reference arguments raised in previous briefs, generally will not provide the specificity required for this court to perform a *de novo* review. *See Neuman v. Rivers,* 125 F.3d 315, 322–23 (6th Cir.1997); *Kelly v. Withrow,* 25 F.3d 363, 366 (6th Cir. 1994); *see also Curry v. City of Mansfield Ohio/Wastewater Treatment Plant,* No. 98–3518, 201 F.3d 440, at * 1 (6th Cir. Dec.8, 1999) (per curiam) (unpublished table opinion) ("The plaintiff's general objections do not even identify the plaintiff's specific claims, much less the factual findings or legal conclusions to which she objected. The 'incorporation' of the plaintiff's brief in opposition to summary judgment did not assist the district court, as the court specifically noted.").

After a careful review of Plaintiff's Objection and motion to amend, the Court finds that Petitioner raises only two specific objections. He first challenges the Magistrate Judge's recommendation relating to a portion of his tenth ground for relief, namely, that his trial counsel rendered erroneous advice regarding his sentencing exposure if he accepted the prosecution's plea offer and his exposure if he elected to proceed to trial. Secondly, in a motion to amend his Objection (ECF No. 15) Petitioner objects that the Magistrate Judge erred in finding that his trial counsel did not render ineffective assistance by failing to request a jury instruction on a lesser included offense.

Even in these specific objections, Petitioner's objections fail to deal in a meaningful or persuasive way with the Magistrate Judge's analysis. The Court finds, on de novo review, the Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law. The Magistrate Judge properly analyzed Petitioner's claims. Even if Petitioner's factual view is accepted, the rationale and analysis in the Report and Recommendation remains sound.

With respect to Petitioner's contention that he received ineffective assistance when his counsel failed to request a lesser included offense, the Magistrate Judge accurately described the applicable law. The petitioner bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. And as the Magistrate Judge also correctly recognized, when a federal court reviews a state court's application of *Strickland* under § 2254(d), the deferential standard of *Strickland* is "doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

Applying the *Strickland* standard, the Michigan Court of Appeals thoroughly addressed the issue, and concluded that Petitioner had failed to meet the heavy burden of showing that his attorney's performance was ineffective. The Magistrate Judge found the "all or nothing" strategy that was identified in the Court of Appeals' decision amounted to a reasonable argument that counsel satisfied the requirements of *Strickland*. (EF No. 12, PageID.1568). In his motion

3

to amend, Petitioner objects that he disagreed with his counsel's strategy and that it was sprung on him at the last moment, just prior to trial. Even if true, this does not demonstrate the Michigan Court of Appeal's application of *Strickland* was unreasonable. Disagreement with counsel's strategic decisions alone is not a basis for establishing ineffective assistance of counsel. "A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness." *Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001). Here, as the Magistrate Judge observed, Petitioner had the opportunity to plead guilty to the lesser charge, and elected not to pursue that option. On this record, Petitioner falls far short of meeting the doubly deferential *Strickland* standard.

Petitioner contends in his last objection that his trial counsel rendered ineffective assistance by erroneously advising him about his sentencing exposure. The Magistrate Judge found that it was questionable whether counsel even erred in the plea process, but even if counsel did, Petitioner could not show that the trial court's rejection of his claim was an unreasonable application of *Strickland*. The Court agrees.

Petitioner argues that his counsel advised him that if he elected to go to trial the bottom end of his guideline range was only a little more than the guideline range that was being offered by the prosecution. Later, following his conviction after a jury trial, Petitioner realized this gap was larger. Petitioner cannot establish an ineffective assistance of counsel claim because he cannot establish prejudice. Petitioner contends in his petition and reply brief that based on counsel's assertions he rejected the plea offer. But nowhere does Petitioner allege that he would have pleaded guilty had his counsel advised him of the correct sentencing range. (See ECF No. 1, PageID.57-60; ECF No. 9, PageID.1514-1517). Thus Petitioner has not even attempted to

4

satisfy the second *Strickland* prong. Beyond that, however, the Court agrees, on de novo review, with the Magistrate Judge that "counsel's inaccurate prediction of the sentencing guideline range, standing alone, does not constitute ineffective assistance of counsel (ECF No. 12, PageID.1592 (citing *United States v. Awad*, No. 91-1856, 1992 WL 354084, at *1 (6th Cir. Nov. 30, 1992)). That being all that Petitioner has raised here, the Court agrees with the Magistrate Judge that Petitioner has not made out a claim for ineffective assistance of counsel. Accordingly, the Court concludes that Petitioner is not entitled to federal habeas relief, for the very reasons detailed in the Report and Recommendation of the Magistrate Judge.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); *see also Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In this case,

5

Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, he is not entitled to a certificate of appealability.

The Magistrate Judge properly concluded that Petitioner is not entitled to the habeas corpus relief he seeks. Petitioner is not entitled to a certificate of appealability.

Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 12) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's Motion to Amend (ECF No. 15) is **GRANTED** to the extent Petitioner seeks to supplement his Objection, and **DENIED** in all other respects.
2. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED**; and
2. Petitioner is **DENIED** a certificate of appealability.

Dated:      March 3, 2020              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       CHIEF UNITED STATES DISTRICT JUDGE